UNITED STATES of America,
Appellee,

v.

Ralph A. LEVY, Defendant, Appellant.

Maurice Roland LEVESQUE, Appellant,

v.

UNITED STATES of America,
Appellee.

David L. MONOSSON, Petitioner,
Appellant,

v.

UNITED STATES of America,
Respondent, Appellee.

Nos. 7395, 7433, 7439.

United States Court of Appeals,
First Circuit.

March 9, 1970.

Rehearing Denied in Nos. 7395 and 7439
July 2, 1970.

Certiorari Denied Oct. 12, 1970.

See 91 S.Ct. 64.

Kevin Keating, Needham, Mass., with whom Joseph S. Oteri and Crane, Inker & Oteri, Boston, Mass., were on briefs for appellants in Nos. 7395 and 7439.

Bernard J. Dwyer, Boston, Mass., for appellant in No. 7433.

James B. Krasnoo, Asst. U. S. Atty., with whom Herbert F. Travers, Jr., U. S. Atty., and Edward J. Lee, Asst. U. S. Atty., were on briefs for appellee.

Before ALDRICH, Chief Judge, WOODBURY,* Senior Circuit Judge, and McENTEE, Circuit Judge.

* By Special Designation.

WOODBURY, Senior Circuit Judge.

■ These three appellants were separately indicted, tried, convicted and sentenced in the United States District Court for the District of Massachusetts for selling marihuana in violation of the Marihuana Tax Act. Title 26 U.S.C. § 4742(a). At first they contended that the statutory obligation to sell marihuana only pursuant to a written order on an official order form on which the name of the seller appears violated their Fifth Amendment privilege against self incrimination. In support of their contention they relied upon Marchetti v. United States, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889; Grosso v. United States, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906; Haynes v. United States, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed.2d 923, all decided in 1968, and Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969). But § 4742(a) was held immune to attack on Fifth Amendment grounds on December 8, 1969, when the Supreme Court of the United States handed down its decision in Minor v. United States (Buie v. United States), 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283, wherein it distinguished the *Marchetti, Grosso, Haynes* and *Leary* cases and affirmed a conviction for selling marihuana in violation of the section saying: "There is no real and substantial possibility that the § 4742(a) order form requirement will in any way incriminate sellers for the simple reason that sellers will seldom, if ever, be confronted with an unregistered purchaser who is willing and able to secure the order form."

■ Thereafter by leave of this court the appellants filed a supplemental brief challenging the constitutionality of § 4742(a) on a different ground.[1] They now say that the section has no legitimate relation to the raising of revenue or to the control of interstate or foreign commerce. They say that it is only a sham tax statute but actually a penal statute falling within the police powers of the several states and therefore in an area forbidden to the federal government by the Tenth Amendment which provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."

It is true that the Court in *Buie* did not notice the existence of any Tenth Amendment question with respect to § 4742(a). But we can hardly assume that the Court in affirming Buie's conviction under that section overlooked or ignored a possible Tenth Amendment infirmity. Indeed it is evident that the Court neither overlooked or ignored the Tenth Amendment in *Buie* for the two Justices who dissented in Minor v. United States, decided in the same opinion with *Buie*, wherein a conviction for selling heroin in violation of Title 26 U.S.C. § 4705(a) was affirmed, mentioned that Amendment in their dissent. Their dissent in *Minor* must have alerted the other members of the Court to a possible Tenth Amendment question in *Buie*. The obvious conclusion from the opinion in *Buie* is that the Court must have thought that any possible Tenth Amendment infirmity in § 4742(a) was too insubstantial to warrant mention.

The judgments of the District Court are affirmed.

## OPINION ON PETITION FOR REHEARING

In this petition for rehearing two of the three original appellants, Levy and Monosson, again strenuously urge their contention that § 6 of the Marihuana Tax Act, Title 26 U.S.C. § 4742(a), is unconstitutional and void because it is not a true tax act but a regulatory act within the police powers reserved to the sev-

---

1. We do not pause to consider the Government's suggestion that we should remand this tardily raised constitutional question to the District Court before deciding it ourselves. The question presented is purely one of law which can be decided now on the present records as well as later after further proceedings in the court below.

eral states by the Tenth Amendment. In support of their contention they rely primarily upon Nigro v. United States, 276 U.S. 332, 48 S.Ct. 388, 72 L.Ed. 600 (1928), wherein the Court construed § 2 of the Anti-Narcotics Act of 1914, 38 Stat. 785, commonly called the Harrison Narcotics Act, as amended by the Revenue Act of 1918, 40 Stat. 1057, 1130, as making it unlawful for "any person," not just those persons required to register and pay a tax, to sell, etc. any of the narcotic drugs specified in § 1 of the Act except in pursuance of a written order of the transferee on a form issued by the Commissioner of Internal Revenue, and held that, as so construed, the Act was a genuine taxing act not open to attack on Tenth Amendment grounds.

The argument on behalf of the petitioners-appellants runs that the Court in Nigro clearly indicated that if the Harrison Narcotics Act were construed as applicable only to registered, and hence legal dealers, it would not be a constitutional exercise of the taxing power but an unconstitutional exercise of the powers reserved to the states by the Tenth Amendment. Then they say that the Marihuana Tax Act applies only to dealers operating legally under state law so that unlawful dealers need not register and pay a tax and that from this it follows that there is no reasonable relationship between the order form requirement of § 4742(a) and the obligation to pay the taxes imposed by § 4751 to § 4753 inclusive.

We find no merit in this argument. Whatever changes may have been wrought in the Harrison Narcotics Act of 1914 by its amendment in 1936, 49 Stat. 1745, the fact remains that § 4742 (a), like § 2 of the Harrison Narcotics Act of 1914 as it stood when construed by the Court in Nigro applies to "any person." Indeed the Marihuana Tax Act is even more specific in its application to unlawful traffickers than the Harrison Narcotics Act as it read in 1928

when it was considered and construed by the Court in the Nigro case, for in § 4742(a) the words "any person" are immediately followed by the words "whether or not required to pay a special tax and register under sections 4751 to 4753 inclusive."

There is no merit in counsel for the petitioners'-appellants' argument that the Court in the Buie case, reported sub nom. Minor v. United States, 396 U.S. 87, 90 S.Ct. 284, 24 L.Ed.2d 283 (1969), by approving in footnote 6 (pages 93, 94) regulations, 26 CFR §§ 152.22, 152.23, which limit registration to persons whose dealings in the drug are legal under state laws thereby held that the Marihuana Tax Act applied only to drug dealers selling lawfully under state law so that unlawful dealers did not need to register and pay a tax. The regulations referred to, as the text of the footnote indicates, only limit registration, and hence qualification, for the lower tax imposed on registered dealers. The regulations do not undertake to absolve unregistered dealers from payment of any tax whatsoever. The Marihuana Tax Act, like the Harrison Narcotics Act in 1928, applies to "any person" whether registered as a dealer or not. The difference between registered and unregistered dealers is that the latter must pay a higher tax. The Court pointed this out very clearly in the body of its opinion in Minor wherein at page 90, 90 S.Ct. at page 285 it said:

"Under the Marihuana Tax Act, 26 U.S.C. §§ 4751–4753, every person who sells, deals in, dispenses, or gives away marihuana must register with the Internal Revenue Service and pay a special occupational tax. The Act also imposes a tax on transfers of marihuana, to be paid by the transferee; the rate for those who have registered and paid the occupational tax is $1 per ounce; for those who have not or cannot register the rate is $100 per ounce."

The petition for rehearing is denied.